UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KARL HENRY LUCCE,

      Plaintiff,

v.                                               25-CV-6351-MAV
                                                       ORDER

ICE HEALTH CORPS SERVICES
(IHSC),

      Defendant.
_____

## INTRODUCTION

*Pro se* plaintiff Karl Henry Lucce, who is detained at the Buffalo Federal Detention Facility, filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff claims that he was denied medical treatment in violation of the Fourteenth Amendment of the Constitution. *Id.* at 1. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. ECF No. 2.

Because Plaintiff's motion to proceed *in forma pauperis* meets the requirements of 28 U.S.C. § 1915(a), the Court grants the motion and screens the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court lacks subject matter jurisdiction over this action and dismisses the complaint without prejudice.

## BACKGROUND

### I. <u>Allegations in Complaint</u>

Plaintiff alleges that he has been in detention for about twelve months and has been requesting medical attention "for an extended period." ECF No. 1 at 5. Every time he makes such a request, including for a physical examination, he is "denied [the] medical attention [he] need[s.]" *Id.*

According to Plaintiff, New York State Department of Corrections and Community Supervision and officials at the Buffalo Federal Detention Facility ("BFDF") "conspired at plant[ing] microchips throughout [his] body[,]" which has caused "poor health[,] lack of sleeping. . . and now . . . to hear voices." *Id.* Plaintiff hears the voices of three people, which makes it appear to medical staff at BFDF that he has mental health issues. *Id.* These microchips are used as monitoring devices. *Id.*

Plaintiff alleges a violation of the Fourteenth Amendment, specifically the right to adequate medical care. *Id.* He requests an injunction and monetary damages. *Id.* Attached to the complaint are medical records for Plaintiff while in immigration custody, spanning from August 2024 to April 2025. ECF No. 1-1.

## LEGAL STANDARDS

### I. <u>Review Under the IFP Statute</u>

A court shall dismiss a complaint in a civil action in which an individual is proceeding *in forma pauperis* if the court determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted; or (3) seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## II. <u>Pleading Standards</u>

In evaluating a complaint, a court must "accept all factual allegations as true and must draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. *See Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid sua sponte dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its

3

face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id*., or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## III. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### IV. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless it 'can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.'" *Abbas v. Dixon*, 480 F.3d 646, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend.").

DISCUSSION

Plaintiff cannot maintain his claim under 42 U.S.C. § 1983, as the complaint alleges wrongful action by federal rather than state actors. As Plaintiff is proceeding *pro se*, the Court liberally interprets his complaint to assert a Fourteenth Amendment claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the vehicle for analogous relief against federal officers for constitutional violations. *See Eng v. Carter*, No. 13-CV-4855 ENV, 2013 WL 6178157, *2 (E.D.N.Y. Nov. 25, 2013); *see also Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

For the reasons below, Plaintiff's claims for damages are dismissed, and his request for injunctive relief is denied.

I. <u>Claims for Damages</u>

    A. **Sovereign Immunity & Bivens**

"Absent an 'unequivocally expressed' statutory waiver, the United States, its agencies, and its employees (when functioning in their official capacities) are immune from suit based on the principle of sovereign immunity." *Cnty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260–61 (1999)). "While the FTCA [Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80] provides a limited waiver of sovereign immunity for certain tort claims, Congress has not waived the United States' sovereign immunity with respect to constitutional tort claims." *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 937 (S.D.N.Y.

6

2018) (first citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)); and then citing *Chen v. United States*, 854 F.2d 622, 625–26 (2d Cir. 1988)), *aff'd*, 791 F. App'x 211 (2d Cir. 2019).

Moreover, "Congress has never 'provide[d] a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government.'" *Cohen v. Trump*, No. 23-35, 2024 WL 20558, at *2 (2d Cir. Jan. 2, 2024) (alteration in original) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 130 (2017)), *cert. denied*, 145 S. Ct. 415 (2024). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (citation omitted). Because of sovereign immunity and the absence of a statutory damages remedy, "[c]onstitutional tort claims . . . must be brought against individual federal agents or employees in their individual capacities through a *Bivens* action." *Davila*, 330 F. Supp. 3d at 937 (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)).

Since Plaintiff's claim is brought against a federal agency—or a component of a federal agency—and not against any federal officer in his or her individual capacity, the complaint must be dismissed for lack of subject matter jurisdiction. *Victorio v. DHS/ICE*, No. 6:24-CV-06540 EAW, 2025 WL 1235373, at *3 (W.D.N.Y. Apr. 29, 2025) (citing *Robinson*, 21 F.3d at 510 ("[T]o the extent that Robinson's claims constituted a *Bivens* action against AAFES, [a federal agency,] or the individual federal defendants in their official capacities, they were properly dismissed for want

of subject matter jurisdiction."); *see also Meyer*, 510 U.S. at 486 (*Bivens* claims may be brought against federal officers, not federal agencies).

The complaint also fails to state an action under *Bivens* because Plaintiff does not name or identify any federal official who was personally involved in violating his constitutional rights. *Haley v. Tryon*, 12 F. Supp. 3d 573, 575 (W.D.N.Y. 2014) ("'To establish a claim under *Bivens,* a plaintiff must plausibly allege that the individual defendants participated actively in the alleged constitutional violation.'") (quoting *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997)).[1]

To the extent the Court can construe the complaint as asserting a claim under *Bivens*, that claim is dismissed without prejudice with leave to amend.

## B. FTCA

As for whether Plaintiff's complaint could be construed as asserting a tort claim under the FTCA, the complaint does not plead or indicate Plaintiff's compliance with the FTCA's administrative exhaustion requirement. *Holmes v. Cent. Intel. Agency*, 758 F. Supp. 3d 153, 156 (W.D.N.Y. 2024) (citing *Davila*, 330 F. Supp. 3d at 936 ("The plaintiff has the burden to plead compliance with the exhaustion requirement.")). "The FTCA requires that a claimant exhaust all administrative

---

[1] The Court notes that the Supreme Court has cautioned that the *Bivens* remedy should rarely be extended to new contexts. *See Ziglar v. Abbasi,* 582 U.S. 120, 135–40 (2017). In light of the failure to identify any federal officer who was personally involved in the alleged constitutional violation, the Court finds that a *Bivens* analysis is unnecessary but notes that it would be highly unlikely that it would extend to the context at issue here. At the outset, Lucce's claim would involve "new categor[ies] of defendants" that were not contemplated in *Bivens. See Egbert v. Boule*, 596 U.S. 482, 492 (2022) (citation modified) (explaining that claims arising in a new context, including when a new category of defendants is involved, "represent situations in which a court is not undoubtedly better positioned than Congress to create a damages action").

8

remedies before filing a complaint in federal district court. This requirement is jurisdictional and cannot be waived." *Id.* (quoting *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005)).

The complaint further fails to state a claim under the FTCA because Plaintiff has not named the United States as a defendant as required by 28 U.S.C. § 1346. *See Victorio*, 2025 WL 1235373, at *2 n.3.

If Plaintiff chooses to file an amended complaint, he may attempt to assert a FTCA claim.

## II. Injunctive Relief

Plaintiff requests as relief, in addition to monetary damages, an "[i]njunction[.]" ECF No. 1 at 5. His request for injunctive relief is denied for several reasons.[2]

---

[2] It is not entirely clear under what authority Plaintiff seeks or could seek injunctive relief. Courts in this Circuit have held that the only remedy available in a *Bivens* action is monetary damages against federal officials, not injunctive relief. *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007); *Yorzinski v. Imbert*, 39 F. Supp. 3d 218, 229 (D. Conn. 2014). *But see Benetti v. U.S. Marshal Serv.*, 5:22-CV-05038-KES, 2023 WL 5485995, at *3 (D.S.D. Aug. 24, 2023) (acknowledging a "split of authority on whether the *Bivens* doctrine permits injunctive relief against a federal agency under *Bivens*.") (collecting cases). Plaintiff's claim for injunctive relief may be cognizable under the Administrative Procedure Act (APA), which waives sovereign immunity for claims against federal agencies seeking non-monetary relief. *Mescall v. Bronx Residential Ctr.*, No. 22-CV-4557 (LTS), 2022 WL 3362330, at *3 (S.D.N.Y. Aug. 15, 2022) (citing 5 U.S.C. § 702.10). However, the APA limits judicial review to "final agency action". *Du v. United States Dep't of Homeland Sec.*, No. 3:25-CV-644 (OAW), 2025 WL 1549098, at *8 (D. Conn. May 31, 2025) (citing 5 U.S.C. § 704). The Court is not persuaded that the actions alleged in the complaint qualify as "final agency action[s]" that may be subject to judicial review, particularly given the lack of specificity over what medical treatment Plaintiff seeks that he has not received. *See, e.g., Eads v. Fed. Bureau of Prisons*, No. CV1918394NLHMJS, 2021 WL 1085459, at *3-4 (D.N.J. Mar. 22, 2021) (APA only permits review of "final agency action[s] for which there is no other adequate remedy in a court," BOP's decisions as to ongoing medical care are not final action and are not reviewable under the APA, and APA review also inappropriate as other relief, including an FTCA or civil rights claim as to denial of medical care is available). *But see Tendo v. United States*, No. 2:23-CV-438, 2024 WL 3650462, at *14 (D. Vt. Aug. 5, 2024) (detainee's claims regarding ICE's medical practices and detainee's inadequate medical treatment were sufficient to state a claim of final agency action). Further, some courts have found the waiver does not apply in actions like this one where monetary relief is sought in addition to equitable relief. *See Sabir v. Licon-Vitale*, No. 3:20-CV-01552 (VAB), 2022 WL 1291731, at *5 (D. Conn. Apr. 29, 2022) (APA waiver not applicable because plaintiff sought monetary relief in addition to injunctive and declaratory relief).

First, as an initial matter, Plaintiff does not specify what injunctive relief he seeks. Plaintiff wants "medical attention" regarding the "planted microchips throughout [his] body[.]" ECF No. 1 at 5. But besides a vague request for a "physical examination[,]" Plaintiff does not explain what specific medical treatment he wants. *See, e.g., Taylor v. NYC*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *3 (S.D.N.Y. July 30, 2020) (dismissing claims against certain defendants because it was "unclear . . . what injunctive relief, if any" the plaintiff sought from those defendants).

Moreover, the core of Plaintiff's claims—that he has been implanted with microchips that are causing him to hear voices and suffer other health effects—appear to be frivolous. *See, e.g., Velasquez v. Curry*, No. 25-CV-3326 (LLS), 2025 WL 1796564, at *2 (S.D.N.Y. June 26, 2025) ("Plaintiff's allegations [regarding being surveilled by an implanted microchip] amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous." (citing, *inter alia*, *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020))). And to the extent his claims regarding denial of medical treatment and attention are not frivolous, they do not appear to be supported by the complaint or medical records attached to it.[3] Indeed, the attached medical records create further confusion as to the request for injunctive

---

[3] To establish "a claim arising out of inadequate medical care [under Due Process], a [detainee] must prove 'deliberate indifference' to [his] serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). This standard includes both (1) an objective "medical need" element measuring the severity of the alleged deprivation, and (2) a subjective "deliberate indifference" element measuring whether the prison official acted with a sufficiently culpable state of mind. *See Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim," and that "negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Chance*, 143 F.3d at 703.

relief, as the records indicate Plaintiff has been seen for numerous sick call, mental health, and other medical appointments, wherein Plaintiff has been able to communicate his concerns. ECF No. 1-1. Thus, to the extent that the complaint may be read as requesting a preliminary injunction[4] or other injunctive relief, that request is denied without prejudice.

## CONCLUSION

For the reasons above, Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted. After screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim, but with leave to amend. *See Arutyunyan v. Fed. Bureau of Investigation, New York State*, No. 17-3831, 2018 WL 11403559, at *1 (2d Cir. Mar. 26, 2018) (vacating and remanding with instructions to permit an amended complaint where the district court dismissed the complaint pursuant to Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i) without leave to amend). Plaintiff may file an amended complaint by no later than **45 days from the date of this order.**

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."

---

[4] "To obtain a preliminary injunction, a party must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *State Farm Mutual Automobile Insurance Co. v. Tri-Borough NY Medical Practice P.C.*, 120 F.4th 59, 79 (2d Cir. 2024). The movant must make a "clear showing" that each of these elements is met. *Speckman v. Fabrizio*, 547 F. Supp. 3d 239, 244 (N.D.N.Y. 2021) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

*Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint in this action.

Plaintiff is further advised that he has been granted leave to amend only those claims addressed above. A district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases).

## ORDER

IT HEREBY IS ORDERED that Plaintiff's motion to proceed IFP, ECF No. 2, is granted; and it is further

ORDERED that the complaint, ECF No. 1, is dismissed with leave to file an amended complaint as directed above by no later than **45 days from the date of this order**; and it is further

ORDERED that the Clerk of the Court shall send to Plaintiff with this order a copy of the original complaint, a blank complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Plaintiff does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), will remain dismissed and the Clerk of the Court shall close this case without further order; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

Dated:   January \_\_16\_\_, 2026
         Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE